UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CARLA V. BRICENO,
GIOVANNI J. VELEZ,
and other similarly situated individuals,

      Plaintiff (s),

v.

CUPRYS AND ASSOCIATES ATTORNEYS
AT LAW CORP.
d/b/a SERVING IMMIGRANTS INC,
CUPRYS AND ASSOCIATES INC,
d/b/a SERVING IMMIGRANTS
and MAGDALENA CUPRYS, individually

      Defendants,

_____/

**<u>COMPLAINT</u>**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COME NOW the Plaintiffs CARLA V. BRICENO and GIOVANNI VELEZ, and

other similarly situated individuals, by and through the undersigned counsel, and hereby

sue Defendants CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP, d/b/a

SERVING IMMIGRANTS INC, CUPRYS AND ASSOCIATES INC, d/b/a SERVING

IMMIGRANTS, and MAGDALENA CUPRYS, individually, and alleges:

<u>JURISDICTION VENUES AND PARTIES</u>

1.  This is an action to recover money damages for unpaid minimum and overtime

    wages under the laws of the United States. This Court has jurisdiction pursuant to

    Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219

    (Section 216 for jurisdictional placement) ("the Act").

2.   Plaintiff CARLA V. BRICENO is a resident of Dade County, Florida. Plaintiff was a covered employee for purposes of the Act.

3.   Plaintiff GIOVANNI VELEZ is a resident of Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

4.   Corporate Defendant CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP, d/b/a SERVING IMMIGRANTS INC, is a Florida corporation having its place of business at 4011 West Flagler, Suite 406, Miami, Florida 33134, where the Plaintiffs worked for Defendant. Defendant was always engaged in interstate commerce.

5.   Corporate Defendant CUPRYS AND ASSOCIATES INC, d/b/a SERVING IMMIGRANTS is a Florida corporation doing business in Dade County, within this Court's jurisdiction. At all times material hereto, Defendant was and is engaged in interstate commerce.

6.   Individual Defendant, MAGDALENA CUPRYS was and is now the owner/director of Defendant Corporations CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP, d/b/a SERVING IMMIGRANTS INC, and CUPRYS AND ASSOCIATES INC, d/b/a SERVING IMMIGRANTS. This individual Defendant was the employer of Plaintiffs,  within the meaning of Section 3 (d) of the "Fair Labor Standards Act" [29 U.S.C. §203(d)].

7.   Defendants CUPRYS AND ASSOCIATES INC, d/b/a SERVING IMMIGRANTS is the "Successor in Interest" of CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP.

8. Defendant CUPRYS AND ASSOCIATES INC d/b/a SERVING IMMIGRANTS is Plaintiffs' employer by virtue of the "Succesor Liability" theory.

9. Defendant CUPRYS AND ASSOCIATES INC, d/b/a SERVING IMMIGRANTS (hereinafter SERVING IMMIGRANTS, "Successor in Interest," or Defendant) is the "Successor Employer" of Plaintiffs, and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

10. All the actions raised in this complaint took place in Dade County Florida, within this Court's jurisdiction.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

11. This cause of action is brought by Plaintiffs as a collective action to recover from the Defendants regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"). Plaintiffs bring this action on behalf of themselves, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who were not paid minimum wages, or/and worked in excess of forty (40) hours during one or more weeks on or after July 2019, (the "material time") without being compensated pursuant to the FLSA.

12. Corporate Defendant SERVING IMMIGRANTS is a corporation providing legal services in Dade County.

13. <u>Successor Liability Allegations</u>

14. Plaintiffs CARLA V. BRICENO and GIOVANNI VELEZ were hired by CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP, and MAGDALENA

CUPRYS to work as paralegals at SERVING IMMIGRANTS located at 4011 West Flagler Street, Suite 406, Miami, Florida 33134.

15. During their time of employment, Plaintiffs were not paid regular and overtime wages. Due to lack of payment, Plaintiff resigned from their positions in July and August 2019.

16. At their resignation, Plaintiffs were not paid their overdue wages. Plaintiffs tried to recover their unpaid wages. However, Defendant CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP was administratively dissolved on or about September 27, 2019.

17. Individual Defendant MAGDALENA CUPRYS incorporated CUPRYS AND ASSOCIATES INC, on or about March 25, 2020.

18. All these events took place while Plaintiffs were unsuccessfully trying to recover their wages.

19. After the alleged closing of the business, CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP, and MAGDALENA CUPRYS continued performing business at the same location, under the name of SERVING IMMIGRANTS as usual, without any changes.

20. There was an absolute continuity of business operation after "Successor in Interest" CUPRYS AND ASSOCIATES INC took over or began to operate SERVING IMMIGRANTS. Successor in Interest CUPRYS AND ASSOCIATES INC, 1) used the same fictitious name "SERVING IMMIGRANTS"; 2) used the same facilities; 3) used the same workforce; 4) used the same supervisory personnel; 5) Successor in Interest CUPRYS AND ASSOCIATES INC used the same office equipment and

supplies; 6) the same list of clients; 7) same methods of doing business; 8) Defendants CUPRYS AND ASSOCIATES INC and MAGDALENA CUPRYS, performed exactly the same business, under the same working conditions; 9) The Successor in Interest CUPRYS AND ASSOCIATES INC provided the same legal services to the same customers.

21. Defendant CUPRYS AND ASSOCIATES INC was in notice of pending lawsuits prior to registering CUPRYS AND ASSOCIATES INC and acquiring the assets and liabilities of CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP. "Successor in Interest" CUPRYS AND ASSOCIATES INC continued the business without interruption or substantial change.

22. Therefore, Plaintiffs allege that CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP, d/b/a SERVING IMMIGRANTS INC engaged in a fraudulent closing/transfer/selling of its assets just to escape from its FLSA obligations, and CUPRYS AND ASSOCIATES INC is just a mere continuation and "Successor in Interest" of CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP.

23. Defendant CUPRYS AND ASSOCIATES INC is the "Successor Employer" of Plaintiff and other similarly situated individuals. Accordingly, CUPRYS AND ASSOCIATES INC is jointly liable for the FLSA violations of CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP, and is jointly and severally responsible for Plaintiffs' damages.

24. Hereinafter "Predecessor Employer" CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP, and "Successor in Interest" or "Successor

Employer" CUPRYS AND ASSOCIATES INC, will be called collectively SERVING IMMIGRANTS

25. Defendant SERVING IMMIGRANTS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is a law firm practicing federal law. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was more than $500,000 per annum. Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were paralegals, and through their daily activities, they regularly used interstate commerce's instrumentalities. They worked and handled and on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

27. At all times material hereto, Plaintiffs and all the similarly situated employees were performing their duties for the benefit of and on behalf of the Defendants.

28. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempted duties as paralegals in furtherance of the business of Defendants, and who were not paid

minimum wages and worked in excess of forty (40) hours during one or more workweeks within the material time (the "asserted class")

29. Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS employed Plaintiff CARLA V. BRICENO and GIOVANNI VELEZ as paralegals at different times and periods. They paid them at different hourly rates, but both Plaintiffs were subjected to the same unlawful employment practices, and they were not paid for all their regular and overtime hours at the rate of time and a half their regular rate.

30. Plaintiffs were full-time, hourly employees working 6 days per week, shifts of 10 or more hours. Plaintiffs always worked more than 40 hours every week. Nevertheless, the Defendants did not compensate the Plaintiffs for the overtime hours worked.

31. The Plaintiffs did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, during the relevant period, Defendants willfully failed to pay Plaintiffs regular and overtime wages at the rate of time and one-half their regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

33. The Plaintiffs never agreed with the lack of payment for their overtime wages, and they complained multiple times. As a result, Plaintiffs were forced to leave their employment to pursue better employment opportunities.

34. **Claim of Plaintiff CARLA V. BRICENO**

35. Plaintiff CARLA V. BRICENO worked for Defendants from approximately July 01, 2019, to August 7, 2019, or 5 weeks plus 2 days. Plaintiff was hired as a paralegal and her wage rate of $18.00 an hour.

36. During her employment with Defendants, the Plaintiff worked weeks of 6 days per week. The Plaintiff had a regular schedule and worked from 8:30 AM to 7:00 PM (10.5 hours daily). Plaintiff worked a total of 63 hours every week. Plaintiff was unable to take bonafide lunch periods.

37. Plaintiff worked more than 40 hours per week, but she did not receive fair wages. Defendants paid Plaintiff only 40 regular hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate required by the FLSA.

38. Plaintiffs did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

39. Therefore, Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. Plaintiff was paid strictly in cash without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

41.  Plaintiff disagreed with the lack of payment for regular and overtime hours, and she complained multiple times to the Defendants.

42. On or about August 07, 2019, Plaintiff resigned from her position to pursue better employment opportunities.

43. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate based on her best recollections. Plaintiff will amend her statement of claim after proper discovery.

44. Plaintiff is also claiming $200.00 of FedEx expenses, paid by Plaintiff with her own money.

45. **Claim of Plaintiff GIOVANNI VELEZ**

46. Plaintiff GIOVANNI VELEZ worked for Defendants from approximately June 01, 2019, to July 31, 2019, or 8 weeks plus 4 days. Plaintiff was hired as a paralegal, and his wage rate was $10.00 an hour.

47. During his time of employment with Defendants, Plaintiff worked 6 days per week, Plaintiff had a regular schedule, and he worked from 8:00 AM to 6:00 PM (10 hours daily). Plaintiff worked a total of 60 hours every week. Plaintiff was unable to take bonafide lunch periods.

48. Plaintiff worked more than 40 hours per week, but he did not receive fair wages. Defendants paid Plaintiff only 40 regular hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate required by the FLSA.

49. Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

50. Therefore, Defendant willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

51. Plaintiff was paid strictly in cash without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

52. Plaintiff disagreed with the lack of payment for regular and overtime hours, and he complained multiple times to the Defendants.

53. On or about July 31, 2019, Plaintiff resigned from his position to pursue better employment opportunities.

54. At the moment of his resignation, Defendants did not pay Plaintiff his last week of employment.

55. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. Plaintiff will amend his statement of claim after proper discovery.

56. Plaintiffs VERONICA BRICENO and GIOVANNI VELEZ seek to recover regular wages and overtime hours, liquidated damages, and any other relief as allowable by law.

57. The additional persons who may become Plaintiffs in this action are employees and former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

### COUNT I:
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS AS TO PLAINTIFF CARLA V. BRICENO**

58. Plaintiff CARLA V. BRICENO re-adopts every factual allegation stated in paragraphs 1-44 above as set out in full herein.

59. At all times pertinent to this Complaint, Defendant SERVING IMMIGRANTS was an enterprise engaged in interstate commerce or the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the corporate Defendant was more than $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce to fall within the protections of the Act.

60. Plaintiff is entitled to be paid time and one-half of the Plaintiff's regular pay rate for each hour worked over forty (40) hours per workweek. All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

61. Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS employed Plaintiff CARLA V. BRICENO from July 01, 2019, to August 7, 2019, or 5 weeks plus 2 days. Plaintiff was hired as a paralegal and her wage rate of $18.00 an hour.

62. During her employment with Defendants, Plaintiff worked weeks of 6 days per week, 10.5 hours daily, for a total of 63 hours weekly. Plaintiff was unable to take bonafide lunch periods.

63. Plaintiff worked more than 40 hours per week, but she did not receive appropriate compensation for her services. Defendants paid Plaintiff only 40 regular hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate required by the FLSA.

64. Plaintiffs did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

65. Therefore, Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half her regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

66. The records, if any, concerning the number of hours worked by Plaintiff and all other employees in the asserted class and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and all other employees in the asserted class.

67. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

68. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

69. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

   *Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

   a.  Total amount of alleged unpaid wages:

      Three Thousand One Hundred Five Dollars and 00/100 ($3,105.00)

   b.  Calculation of such wages:

      Total period of employment:  5 weeks plus
      Relevant weeks of employment: 5 weeks

Total hours worked weekly: 63 hours
Total unpaid O/T hours: 23 O/T hours
Regular rate: $18.00 x 1.5=$27.00 an hour
O/T rate: $27.00

O/T rate $27.00 x 23=$621.00 x 5 weeks=$3,105.00

   c.   <u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents the unpaid overtime compensation.

70. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

71. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

72. At times mentioned, individual Defendant MAGDALENA CUPRYS was and is now the owner/partner and manager of SERVING IMMIGRANTS. Defendant MAGDALENA CUPRYS JOSE was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in SERVING IMMIGRANTS' interests concerning its employees, including Plaintiff and others similarly situated. Defendant MAGDALENA CUPRYS had financial and

operational control of the business, provided Plaintiff with her work schedule, and is jointly and severally liable for Plaintiff's damages.

73. Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

74. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CARLA V. BRICENO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff CARLA V. BRICENO actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CARLA V. BRICENO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**
**AS TO PLAINTIFF GIOVANNI VELEZ**

75. Plaintiff GIOVANNI VELEZ re-adopts every factual allegation concerning him stated in paragraphs 1-33 and 45-57 above as if set out in full herein.

76. At all times pertinent to this Complaint, Defendant SERVING IMMIGRANTS was an enterprise engaged in interstate commerce or the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the corporate Defendant was more than $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce to fall within the protections of the Act.

77. Plaintiff is entitled to be paid time and one-half of the Plaintiff's regular rate of pay for each hour worked over forty (40) hours per workweek. All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

78. Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS employed Plaintiff GIOVANNI VELEZ from June 01, 2019, to July 31, 2019, or 8 weeks plus 4 days. Plaintiff was hired as a paralegal, and his wage rate of $10.00 an hour.

79. During his time of employment with Defendants, Plaintiff worked weeks of 6 days per week, 10 hours daily, for a total of 60 hours weekly. Plaintiff was unable to take bonafide lunch periods.

80. Plaintiff worked more than 40 hours per week, but he did not receive appropriate compensation for his services. Defendants paid Plaintiff only 40 regular hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate required by the FLSA.

81. Plaintiffs did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

82. Therefore, Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

83. The records, if any, concerning the number of hours worked by Plaintiff and all other employees in the asserted class and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and all other employees in the asserted class.

84. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

85. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

86. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

    a.  <u>Total amount of alleged unpaid wages</u>:

    Two Thousand Four Hundred Dollars and 00/100 ($2,400.00)

    b.  <u>Calculation of such wages</u>:

    Total period of employment:  8 weeks plus
    Relevant weeks of employment: 8 weeks
    Total hours worked weekly: 60 hours
    Total unpaid O/T hours: 20 O/T hours
    Regular rate: $10.00 x 1.5=$15.00 an hour
    O/T rate: $15.00

    O/T rate $15.00 x 20=$300.00 x 8 weeks=$2,400.00

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents the unpaid overtime compensation.

87. At all times, the Employers/Defendants SERVING IMMIGRANTS failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

88. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees'

employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

89. At times mentioned, individual Defendant MAGDALENA CUPRYS was and is now the owner/partner and manager of SERVING IMMIGRANTS. Defendant MAGDALENA CUPRYS JOSE was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in SERVING IMMIGRANTS' interests concerning its employees, including Plaintiff and others similarly situated. Defendant MAGDALENA CUPRYS had financial and operational control of the business, provided Plaintiff with her work schedule, and is jointly and severally liable for Plaintiff's damages.

90. Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

91. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff GIOVANNI VELEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §

201 et seq.; and

B. Award Plaintiff GIOVANNI VELEZ actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff GIOVANNI VELEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**
**AS TO PLAINTIFF GIOVANNI VELEZ**

92. Plaintiff GIOVANNI VELEZ re-adopts every factual allegation as stated in paragraphs 1-33 and 45-57 of this complaint as if set out in full herein.

93. At all times pertinent to this Complaint, Defendant SERVING IMMIGRANTS was an enterprise engaged in interstate commerce or the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the corporate Defendant was more than $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce to fall within the protections of the Act.

94. This action is brought by Plaintiff GIOVANNI VELEZ and those similarly situated to recover from the Employer SERVING IMMIGRANTS unpaid minimum wages,

as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

95. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

96. Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS employed Plaintiff GIOVANNI VELEZ from approximately June 01, 2019, to July 31, 2019, or 8 weeks plus 4 days.

97. The Plaintiff was hired as a paralegal, and his wage rate of $10.00 an hour.

98. During his time of employment with Defendants, Plaintiff worked 6 days per week, 10 hours daily, or a total of 60 hours per week.

99. Plaintiff worked in excess of 40 hours per week, but he did not receive appropriate compensation. Defendants paid Plaintiff only 40 regular hours per week. The remaining hours were not paid at any rate, not even at the minimum wage rate required by the FLSA.

100.    On or about July 31, 2019, Plaintiff resigned from his position to pursue better employment opportunities.

101.    At the moment of his resignation, Defendants did not pay Plaintiff his last week of employment.

102.    Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

103.    Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

104.    Plaintiff was paid strictly in cash without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

105.    The records, if any, concerning the number of hours worked by Plaintiff GIOVANNI VELEZ and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

106.    Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

107.    Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

108.    Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff wage rate was $10.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

 a. <u>Total amount of alleged unpaid wages</u>:

  Eight Hundred Fifty-Six Dollars and 00/100 ($856.00)

 b. <u>Calculation of such wages</u>:

  Total time of employment: 8 weeks plus 4 days
  Total relevant weeks of employment: 1 week plus 4 days
  Total number of hours worked: 60 hours weekly/ 10 hours daily
  Florida Minimum wage 2019: $8.56

  1.- $8.56 x 60 hours=$513.60
  2.- $8.56 x 10 hours=$85.60 x 4 days=$342.40

  Total #1, and #2: $856.00

 c. <u>Nature of wages</u>:

  This amount represents unpaid minimum wages.

109. Defendants willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages.

110. At times mentioned, individual Defendant MAGDALENA CUPRYS was and is now the owner/partner and manager of SERVING IMMIGRANTS. Defendant MAGDALENA CUPRYS was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in SERVING IMMIGRANTS' interests concerning its employees, including Plaintiff and others similarly situated. Defendant MAGDALENA CUPRYS had financial and

operational control of the business, provided Plaintiff with her work schedule, and is jointly and severally liable for Plaintiff's damages.

111.     Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS knew and showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

112.     Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff GIOVANNI VELEZ and those similarly situated respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff GIOVANNI VELEZ and against the Defendants SERVING IMMIGRANTS and MAGDALENA CUPRYS  based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff GIOVANNI VELEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  January 11, 2022,

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*