UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20139-CV-ALTMAN/REID

CARLA V. BRICENO and GIOVANNI VELEZ,

    Plaintiffs,

v.

CUPRYS AND ASSOCIATES ATTORNEYS AT LAW CORP d/b/a SERVING IMMIGRANTS INC., CUPRYS AND ASSOCIATES. INC. d/b/a SERVING IMMIGRANTS, and MAGDALENA CUPRYS

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** comes before the Court following the May 11, 2022, settlement conference at which the parties settled this case and agreed to consent to magistrate judge jurisdiction. [ECF No. 40].

This case involves claims for unpaid overtime compensation and unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and counterclaims for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051, defamation, and breach of contract. In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed

1

issues." *Id.* The district court may approve the settlement to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

The terms of the settlement agreement were discussed and preserved on the record. In this case, there is a bona fide legal and factual dispute over the FLSA provisions as well as bona fide legal and factual disputes raised by Defendant's counterclaims. Additionally, both parties were represented by counsel, and the terms of the settlement agreement appear to be reasonable. Thus, this Court finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This matter is settled in accordance with the terms set forth on the Court record during the May 11, 2022 settlement conference and the parties settlement agreement is **APPROVED**.

2. As requested by the parties, Plaintiffs' reasonable attorney's fees and costs shall be determined by the Undersigned.

3. Plaintiffs' attorney shall submit an affidavit of fees and costs **within 14 days** of the issuance of this Order.

4. Payment of Plaintiffs' attorney's fees shall be made on or before **June 30, 2022**.

5. This case, and Plaintiff's prior case regarding these claims [Case No. 21-cv-21239-PCH], are **DISMISSED** with prejudice.

6. The court shall retain jurisdiction to enforce the terms of the agreement. The Clerk is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami-Dade, Florida this 13th day of May, 2022.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Roy K. Altman; and
All Counsel of Record via CM/CEF**